# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASEVILLE DIVISION
### 1:12-cv-221-RJC

| | | |
|---|---|---|
| DAVID ELDON TALBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Y COBOURN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on its own motion after mail sent to the Plaintiff was returned as undeliverable. (Doc. No. 4).

On August 8, 2012, Plaintiff filed a complaint under 42 U.S.C. § 1983 against several defendants, including officers with the Asheville Police Department, social workers with the Buncombe County Department of Social Services, the Buncombe County District Attorney's Office, and the Buncombe County Public Defender's Office. The allegations center on, among other things, false testimony provided by one or more defendants and conspiracy to deprive Plaintiff of his rights under the United States Constitution.

The Clerk of Court processed the complaint and Plaintiff's motion for appointment of counsel, (Doc. No. 2), and mailed filed copies of the complaint and motion to the address provided by Plaintiff in his complaint in the Avery/Mitchell Correctional Institution. On August 8, 2012, the Clerk of Court filed a notice from the Avery/Mitchell Correctional Institution which noted that Plaintiff had been released and was therefore no longer in custody in the institution. The filed complaint and motion for appointment of counsel were therefore returned to the Clerk as undeliverable. (Doc. No. 4).

According to the North Carolina Department of Public Safety Offender Information website, Plaintiff was released on August 7, 2012. It appears that Plaintiff filed his complaint on August 6 or 7, 2012, by delivering it to the prison authorities for mailing to the Clerk of Court. (Doc. No. 1 at 22, Doc. No. 1-2). See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se document is deemed filed when it is delivered to the prison authorities for mailing to the clerk of court).

The Clerk of Court ordered Plaintiff to file a statement of his exhaustion efforts by September 5, 2012. (Doc. No. 3). This Order has not yet returned to the Court as undeliverable but appears unlikely to reach Plaintiff. Plaintiff has the obligation to provide the Court with a current address. While the Court is mindful that Plaintiff is proceeding pro se, it is not the responsibility of the Court to track down Plaintiffs or Defendants in an effort to ensure that their case continues to progress through the judicial system.

Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation to provide the Court with his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The Clerk of Court will be directed to send a copy of this Order to Plaintiff to the last known address which is on file with the Court. Plaintiff is directed to notify the Clerk of Court of a current mailing address within ten (10) days from entry of this Order.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall provide the Clerk of Court with

current information on his mailing address. <u>Plaintiff is warned that failure to provide a current address to the Clerk of Court within ten (10) days from entry of this Order will result Plaintiff's complaint being dismissed for failure to prosecute.</u>

      The Clerk of Court is directed to send a copy of this Order to Plaintiff at his last known address on file with the Court.

Signed: August 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge