IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-221-RJC

| | |
|---|---|
| DAVID ELDON TALBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Y COBOURN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff, who is proceeding pro se, filed a Complaint on August 8, 2012. (Doc. No. 1).

I. BACKGROUND

According to his Complaint, Plaintiff is confined in the Avery-Mitchell Correctional Institution in the Western District. Plaintiff alleges that his cause of action arose following his conviction in the Buncombe County. Plaintiff alleges, among other things, violations of due process, conspiracy, and failure of the State to meet its burden of proof in a criminal proceeding. (Doc. No. 1 at 2-3, 7).[1]

The Complaint presents allegations related to an investigation by the Buncombe County Sheriff's Department ("BCSD") following a report from the Buncombe County Department of

---

[1] Plaintiff refers to a number of exhibits in his Complaint. These exhibits have been reviewed *in camera* due to the inclusion of material relating to the minor child, notably, her name, and reports relating to the investigation which are of a sensitive nature. All of the documents submitted with the Complaint will be preserved by the Clerk in case of appellate review.

1

Social Services "(BC DSS")" of inappropriate sexual contact between Plaintiff and a minor female. Plaintiff maintains, for instance, that Defendant Cobourn of the BCSD conducted interviews with the minor child and repeatedly asked her questions regarding the same subject, namely, his relationship with the minor child. (Id. at 9). Plaintiff identifies this questioning technique as "harassment" which is "illegal." Based on this conduct, Plaintiff has determined Detective Cobourn to be guilty of forgery and harassment. (Id.).

In connection with Detective Martinez's role in the investigation, Plaintiff has alleged that he is guilty of violation of N.C. Gen. Stat. § 14-318.4, or felony child abuse. While Plaintiff is notably scant on details, it appears that Plaintiff is alleging that Martinez invited the minor child's father to engage in inappropriate contact. (Id. at 4, 10).

Plaintiff names two social workers with the BC DSS, Moore and Niehn. (Id. at 5). Plaintiff alleges the social workers lied to the detective who was conducting the criminal investigation. Specifically, Plaintiff contends that Moore is guilty of impersonation and lying to the detective, while Niehn is guilty of obstruction of justice and aiding and abetting. (Id. at 11-12).

The fifth defendant, Shawnda Leynch is identified as an assistant prosecutor with the Buncombe County District Attorney's Office. It appears Plaintiff is alleging that Ms. Leynch withheld evidence from the court. (Id. at 13). As a consequence, Plaintiff contends that she is guilty of a host of offenses such as violation of due process and conspiracy. (Id. at 16).

Plaintiff names Suzanne Alford as a public defender with the Buncombe County Public Defender's Office. Plaintiff alleges Alford withheld evidence, obstructed justice, and provided ineffective assistance of counsel. (Id. at 17).

In his prayer for relief, Plaintiff is seeking to have his conviction overturned, release

2

Case 1:12-cv-00221-RJC   Document 8   Filed 11/26/12   Page 2 of 6

from custody, monetary damages in the range of $50,000 to $250,000, and appointment of counsel. (Id. at 24).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

## III. DISCUSSION

Claims affecting the fact or duration of confinement generally may not be litigated in a § 1983 action. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973).

In Preiser, the Supreme Court considered the overlap between a case filed pursuant to 42 U.S.C. § 1983 and a case filed under the habeas corpus statute, 28 U.S.C. § 2254, and concluded

that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. 411 U.S. at 500.

In Heck, the Supreme Court considered a case not covered by Preiser in which a petitioner seeks not immediate or speedier release, but monetary damages. The Heck Court concluded that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87. The Supreme Court required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In 2005, the Supreme Court clarified that § 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (emphasis in original). The Wilkinson Court emphasized that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement." Id. at 81.

In the present case, Plaintiff seeks release, monetary damages, and an order overturning his criminal conviction. Plaintiff's allegations are substantially similar to those in Heck, where the plaintiff brought an action for damages against prosecutors and a state investigator alleging

4

they knowingly destroyed evidence and otherwise led an unlawful and unreasonable investigation which led to the prisoner's arrest and prison sentence. Heck, 512 U.S. at 479. The Court stressed that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Id. at 486.

The fact that Plaintiff seeks immediate release from prison further indicates that his claim intrudes upon the "core" of habeas corpus and cannot be maintained under § 1983. Preiser, 411 U.S. at 487; Wilkinson, 544 U.S. at 79. In sum, his arguments regarding a conspiracy during the investigation of the criminal case and subsequent prosecution, conviction, and sentence of incarceration sound in habeas and are therefore not actionable in this Section 1983 civil rights action. As Plaintiff provides no indication that his conviction has been challenged through a habeas proceeding, much less set aside, the Court will dismiss his Section 1983 claim.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's application to proceed without prepayment of fees or costs is **ALLOWED** for the purpose of this initial review. (Doc. No. 2).
2. Plaintiff's Complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: November 26, 2012

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge